IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEOVANI  DAVILA,                              :
                                                           :
                         Plaintiff              :        CIVIL NO. 1:CV-04-0554
                                                           :
            v.                                        :        (Judge Rambo)
                                                           :
REGINALD BIXLER,                          :
                                                           :
                         Defendant          :

# M E M O R A N D U M

## I.        Background

            Plaintiff, Geovani Davila, an inmate presently confined at the Gilmer Federal

Correctional Institution in Glenville, West Virginia, commenced this action with a *pro*

*se Bivens*[1] complaint (Doc. 1) on March 15, 2004.  Named as Defendant is Reginald

Bixler, a corrections officer at Schuylkill Federal Correctional Institution ("FCI-

Schuylkill") in Minersville, Pennsylvania.  Plaintiff claims that while previously housed

at FCI-Schuylkill, Defendant retaliated against him through inordinate delay in

conducting a cell search on September 23, 2003.  As a result, Plaintiff claims he was

denied access to his asthma pump and denied use of his toilet for approximately one

and one-half (1 ½) hours, he missed the evening meal, and he was unable to retrieve his

identification card to shop at the prison commissary, thereby depriving him of his

---

            [1]        *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a
compensable injury to a constitutionally protected interest could invoke the general
federal question jurisdiction of the district court to obtain an award of monetary
damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478,
504 (1978).

rights under the Eighth and Fourteenth Amendments.[2]  For relief, Plaintiff seeks

compensatory and punitive damages in the amount of $100,000.00.

Presently pending is Defendant's motion (Doc. 13) to dismiss or, in the

alternative, for summary judgment.  Defendant filed a brief in support (Doc. 14) of the

motion and a statement of undisputed facts (Doc. 15).  Plaintiff filed a brief in

opposition (Doc. 16) to the motion, but he has not filed a response to the statement of

undisputed facts.  The motion is ripe for disposition.  For the reasons set forth below,

the motion for summary judgment will be granted.


II.      **Legal Standard**

         **A.  Motion to Dismiss Standard**

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), arguing that the complaint fails to state a claim upon which relief

may be granted.  In rendering a decision on a motion to dismiss, the Court must

accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d

Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court

of Appeals for the Third Circuit added that when considering a motion to dismiss,

based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs

will ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable

reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361

F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the

---

[2]      Plaintiff claims that Defendant violated his Eighth Amendment rights,
without due process as required by the Fourteenth Amendment.  Since the court finds
no Eighth Amendment deprivation, there can be no due process violation.

2

complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Since the court will consider evidentiary materials submitted by Defendant, the motion will be construed as a motion for summary judgment.

### B. <u>Summary Judgment Standard</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Mraz v. County of Lehigh,* 862 F. Supp. 1344 (E.D. Pa. 1994). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id*. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added). Defendant has submitted a statement of material facts not in dispute (Doc. 15) in support of his motion, to which Plaintiff has not responded. Therefore, the Defendant's facts are deemed admitted for the purpose of resolving the motion for summary judgment. *See* M.D.Pa.L.R. 56.1.[3]

## III.      Discussion: Plaintiff's Eighth Amendment Claim

---

[3]M.D.Pa.L.R. 56.1 states, in relevant part:

A motion for summary judgment . . . shall be accompanied by a . . . statement of material facts as to which the moving party contends there is no issue to be tried . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the . . . opposing party.

Although Plaintiff filed a brief in opposition (Doc. 16) to the Defendant's motion, in which he claims he had "not been served copies of a brief in support of defendan's (sic) motion, . . . [and is unable to] argue specific facts showing a genuine issue without the disclosure of adverse information" (*Id*. At 1), Plaintiff's response was served one day prior to service of Defendant's brief in support (Doc. 14) and statement of facts (Doc. 15), and Plaintiff has filed nothing further in response to the motion.

The instant action was commenced with a *Bivens* civil rights complaint. "A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). To state a viable *Bivens* action, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of federal law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* The Constitutional issue central to this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure prisoner health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety. *Id.* at 837.

The parties agree that Defendant ordered a cell search of Plaintiff's cell, because of Plaintiff's failure to stand promptly for a scheduled prisoner count. (Doc. 1 at 2; Doc. 14 at 2-3.) Plaintiff claims that the cell search was intentionally delayed to inconvenience the prisoners, and during the search Plaintiff was denied access to his asthma inhaler and toilet, he was denied proper attire to attend dinner, and he was denied access to his identification card to shop at the commissary. However, the record does not support these contentions.

In support of his motion for summary judgment, Defendant has submitted Exhibits, which incorporate his declaration submitted under penalty of perjury (Doc. 1 Ex. 1). Defendant confirms that he excluded Plaintiff from the cell during the cell search, and events occurred which prolonged the duration of the search. (*Id.* ¶ 3.) However, prior to excluding Plaintiff and his cell mates from the cell, Defendant

instructed the prisoners to take any necessary belongings, and he provided ample time to gather proper shoes and clothing, identification cards, and other necessary items. (*Id.* ¶ 4.)  Notwithstanding this instruction, Plaintiff failed to gather his needed items, including his inhaler and identification card.  (*Id.*)  Subsequently, when Plaintiff requested his identification card, Defendant instructed him to seek permission from the Lieutenant.  Plaintiff proceeded to the Lieutenant's office, and after receiving instruction from the Lieutenant to give Plaintiff his card, Defendant complied.  (*Id.* ¶ 5.)  Defendant does not recall Plaintiff requesting to use the bathroom or expressing medical concerns during the search.  (*Id.* ¶ 6.)  As stated previously, these facts are unopposed.

In regard to Plaintiff's asthma inhaler, he must demonstrate that Defendant was deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff never alleges that he required the use of his inhaler, and his allegation in the complaint is that "deprivation of access to [his] asthma pump . . . violated my access to proper medical care . . . in case of an attack that I almost experienced . . . ."  (Doc. 1 ¶ 7.)  At worst, Plaintiff was denied access to a medical device that he might have needed.  Even if Plaintiff had suffered an asthma attack, he does not allege that he asked for and was denied permission to go for medical treatment as an alternative to retrieving his inhaler.

In regard to Plaintiff's use of the toilet, the Eighth Amendment does not mandate comfortable prisons, and prisons that house inmates convicted of serious crimes cannot be free of discomfort.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Peterkin v. Jeffes*, 855 F.2d 1021, 1027 (3d Cir. 1988).  To sustain a conditions of confinement challenge, Plaintiff must show that the conditions were more than

uncomfortable, and instead rose to the level of "conditions posing a substantial risk of serious harm" to his health or safety.  *Farmer*, 511 U.S. at 834.

In reviewing this type of claim, the courts have stressed the importance of the duration of the complainant's exposure to the alleged unconstitutional conditions, and a review of the "totality of the circumstances," as being critical in the Eighth Amendment determination, and not just the allegedly egregious conditions themselves. As such, the denial of toilet facilities do not automatically equate to an Eighth Amendment violation.  *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996)(inmate confined in cell for four days "made to endure the stench of [his] own feces and urine," did not rise to the level of an Eighth Amendment violation). Defendant forewarned Plaintiff that he would not be readmitted to his cell until the cell search was concluded.  Moreover, Defendant does not recall Plaintiff asking to use the toilet during the cell search.  Plaintiff does not allege that he soiled his clothing as a result of denial of toilet use, and Plaintiff does refer to anything in the record to support his claim that denial of the toilet use caused anything more than the ordinary discomfort incidental to prison life.

Similarly, the court concludes that Plaintiff was given an opportunity to bring appropriate apparel with him when he left the cell, and he declined the opportunity. Finally, the undisputed facts verify that when Plaintiff requested his card from the Lieutenant Defendant was instructed to return it and complied.

Ultimately, reviewing the record in a light most favorable to Plaintiff, the court finds that Plaintiff's claims of cruel and unusual punishment are unsupported, Plaintiff was not denied due process, and Defendant's motion for summary judgment will be granted.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  April 21, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GEOVANI DAVILA,**         :
                         :
         **Plaintiff**     :     **CIVIL NO. 1:CV-04-0554**
                         :
     **v.**               :     **(Judge Rambo)**
                         :
**REGINALD BIXLER,**     :
                         :
         **Defendant**    :

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

    1)  Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 13) is construed as a motion for summary judgment, and the motion is **GRANTED**.

    2) The Clerk of Court is directed to enter judgment in favor of Defendant and against the Plaintiff.

    3) The Clerk of Court shall close this case.

    4) Any appeal from this order shall be deemed frivolous, without good cause, and not taken in good faith.

                                 s/Sylvia H. Rambo
                                 SYLVIA H. RAMBO
                                 United States District Judge

Dated: April 21, 2005.